■ In the Matter of MARIDA HOLDING Co., INC., Respondent, against ROBERT C. WEAVER, as State Rent Administrator, Appellant.— In a proceeding to review a determination of the State Rent Administrator which denied a protest and affirmed an order of a local rent administrator, the appeal is from an order of the Special Term annulling the determination of the State Rent Administrator and remitting the matter to him for further proof. It appears that in July, 1953 the landlord filed an application for a rent increase, pursuant to subdivision 1 of section 33 of the State Rent and Eviction Regulations. The basis of that application was that the landlord, with consent of the tenant, would among other equipment install a new refrigerator in place of an old one. The application was approved in accordance with the schedule of rent values, and resulted in an increase of $3.50 a month for the installation of the new refrigerator. Thereafter the apartment became vacant and in January, 1956 the present tenant inspected the apartment and indicated his willingness to rent it on condition that the landlord install a new refrigerator, for which the tenant agreed to pay an additional $3.50 per month, claiming that religious and other reasons prevent him from using a refrigerator previously used by a prior tenant. Pursuant to this agreement the parties entered into a two-year written lease. The landlord thereupon applied for approval of the authorized 15% lease increase, plus the $3.50 increase for the installation of the new refrigerator. The local administrator granted the lease increase but denied the additional $3.50 for the new refrigerator, on the ground that a rent adjustment had been made two and a half years before for the same service, and that a new refrigerator did not constitute an increase in service or equipment. Upon protest, the determination was sustained. The landlord then instituted the instant proceeding. The Special Term's determination was based on the ground that the State Rent Administrator could not deny the requested increase "in the absence of proof that the tenant was forced to make the agreement or that fraud was committed by the landlord in obtaining the increase". Order reversed, without costs, and proceeding dismissed, without costs. In our opinion, the words "subject to the approval of the commission" in clause (5) of paragraph (a) of subdivision 4 of section 4 of the State Residential Rent Law (L. 1946, ch. 274, as amd.) empower the Administrator to determine in his discretion the propriety of a rent increase. A landlord is not entitled to a rent increase by the mere showing of a voluntary written agreement

between the landlord and the tenant, and by a showing that the agreement was not obtained by force or fraud. The Administrator's duties and responsibilities under the rent law are to limit unwarranted increases and to resist improper increases which are inconsistent with the purposes of the rent law, and to maintain a system of rent controls at levels which are fair and equitable. The facts and circumstances herein do not justify an additional increase for the installation of a new refrigerator in place of one two and a half years old, for which a rent increase has been previously granted. Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ., concur.